UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG ALLEN LADWIG,<br><br>Defendant. | Case No. 2:03-CR-0232-RHW<br><br>**ORDER LIFTING STAY; DENYING MOTION TO VACATE SENTENCE; AND GRANTING MOTION TO WITHDRAW** |

Before the Court is (1) Defendant/Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255, ECF No. 43, and (2) a Motion to Withdraw as Counsel, ECF No. 50. These motions were decided without oral argument.

## BACKGROUND

On March 3, 2004, Petitioner pled guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C §§ 922(g)(1) and 922(a)(6). ECF No. 13. This Court eventually sentenced him to 200 months incarceration, five years of supervised release, and a special penalty assessment of $100.00. ECF No. 29.

On June 27, 2014, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence. ECF No. 43. The main substantive issue in Petitioner's motion is whether the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) is retroactively applicable. As a case on this precise issue was making its way through the Ninth Circuit at the time, the Court entered an order staying this action until the case was decided. ECF No. 49. The case, *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015), has been decided and accordingly, the Court

**ORDER LIFTING STAY; DENYING MOTION TO VACATE SENTENCE; AND GRANTING MOTION TO WITHDRAW ~ 1**

lifts the stay in this case. For the reasons set forth below, the Court also denies Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255(f), a one year period of limitations applies to petitions filed under § 2255. The relevant provision states that the one-year limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The only timeliness issue before the Court is in regards to sub-paragraph three. It is agreed that sub-paragraphs one, two, and four of 28 U.S.C. § 2255(f) do not apply to the facts and circumstances of this case. *See* ECF Nos. 43 at 5 and 50 at 3. The Court stayed this matter to see if sub-paragraph three could potentially be applicable. More specifically, if *Descamps* announced a new right and that right was made retroactively applicable to cases on collateral review, Defendant's petition would be timely. The retroactive applicability of the *Descamps* decision was an issue in the *Ezell* case.

While the opinion issued in *Ezell* did not specifically resolve the retroactivity issue[1], the case clearly states that *Descamps* did not announce a new

---

[1] Mr. Ezell argued that the *Descamps* decision should have allowed him to file a second or successive petition under 28 U.S.C. § 2255(h)(2). *Ezell*, 778 F.3d 764. Under 28 U.S.C. §

**ORDER LIFTING STAY; DENYING MOTION TO VACATE SENTENCE; AND GRANTING MOTION TO WITHDRAW ~ 2**

q:\rhw\acriminal\2003\ladwig\ord.deny.2255.grant.withdrawal.docx

rule of law. In *Ezell*, the Ninth Circuit squarely rejected the Petitioner's argument that *Descamps* did announce a new rule of law and noted that *Descamps* was a statutory interpretation case that clarified the application of the modified categorical approach. *Ezell*, 778 F.3d at 766. The panel expressly held that "*Descamps* did not announce a new rule, and even if it did, that rule is not constitutional." *Id*. at 767.

Other circuit courts who have squarely addressed the question of the timeliness of using the date of the *Descamps* decision as the one-year triggering event under 28 U.S.C. § 2255(f)(3) have all found that *Descamps* decision is not considered to be retroactive. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 Fed. Appx. 750 (11th Cir. 2014) (per curium); *Whittaker v. Chandler*, 574 Fed. Appx. 448 (5th Cir. 2014) (per curium); *United States v. Tenderholt*, 587 Fed.Appx. 505 (10th Cir. 2014).

Other district courts within the Ninth Circuit have similarly held that the Supreme Court has not made *Descamps* retroactive. *See Knight v. United States*, 2015 WL 731443 (D. Idaho Feb. 19, 2015); *Lai v. Copenhaver*, 2014 WL 4211110 (E.D. Cal. Aug. 26, 2014); *United States v. Lawrence*, 2014 WL 4264800 (E.D. Wash. Aug. 29, 2014) ("Because *Descamps* did not create a newly recognized right, [petitioner] cannot rely on that decision's date (June 20, 2013) as permitting a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(f)(3).").

The Court finds that Defendant's Petition is not timely because the one-year limitations period found in 28 U.S.C. § 2255(f) has elapsed. There is no precedent

---

2255(h)(2), a petitioner must make a prima facie showing to the appropriate court of appeals that the petition is based on: (1)"a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." The Ninth Circuit held that Ezell's petition failed the first two prongs and thus it did not reach the issue of retroactivity. *Ezell*, 778 F.3d at 765.

**ORDER LIFTING STAY; DENYING MOTION TO VACATE SENTENCE; AND GRANTING MOTION TO WITHDRAW ~ 3**

q:\rhw\acriminal\2003\ladwig\ord.deny.2255.grant.withdrawal.docx

enabling the Court to conclude that *Descamps* has been made retroactively applicable, so Defendant's Petition cannot be timely under 28 U.S.C. § 2255(f)(3).

Additionally, with good cause having been shown, the Court grants counsel's motion to withdraw.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court lifts the stay in this matter.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 43**, is **DENIED.**

3. Counsel's Motion to Withdraw, **ECF No. 50**, is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and Defendant/Petitioner *at his prison address*, and **close the file.**

**DATED** this 7th day of August, 2015.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER LIFTING STAY; DENYING MOTION TO VACATE SENTENCE; AND GRANTING MOTION TO WITHDRAW ~ 4**